UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES MICHAEL KENNY,

        Petitioner,                 Case No. 2:20-cv-55

v.                                           Honorable Robert J. Jonker

KRIS TASKILA,

        Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.   **Factual allegations**

Petitioner James Michael Kenny is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga County, Michigan.  On April 27, 2016, following a jury trial in the Clinton County Circuit Court, Petitioner was convicted of aggravated stalking, in violation of Mich. Comp. Laws § 750.411i; assault with a dangerous weapon, in violation of Mich. Comp. Laws § 750.82; and resisting and obstructing a police officer, in violation of Mich. Comp. Laws § 750.81d.  On May 26, 2016, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent sentences of 12 to 35 years for stalking, 10 to 15 years for assault, and 10 to 15 years for resisting and obstructing a police officer.

On May 1, 2020, Petitioner filed his habeas corpus petition raising five grounds for relief, as follows:

I.   Was Petitioner's right to due process violated when the trial court judge at the close of day 1 of trial, although after the jury was excused, had taken sides with he prosecution by "tipping off" the assistant prosecuting attorney (APA) to secure the personal protection order (P.P.O.) [from the] Ionia [County] file and a witness to attest to it in order to prove the "actual notice" element of aggravated stalking, since it is a criminal offense?

II.  Was there insufficient evidence presented by the prosecution during trial to convict Petitioner of felonious assault where [the] State's key witness Michael Bartman had testified that he had lunged at Petitioner from his front door on his porch as the aggressor thereby subduing [the] table knife before it could be brandished by knocking it out of Petitioner's hand thereupon and in light of the fact that Deputy Eric Thompson's photograph show it instead in the middle of Bartman's driveway on the ground (contrary to his front porch)?

III. Likewise, was there insufficient evidence to support Petitioner's R&O convictions when Deputy Chris Crawford had testified that he does not

2

> know whether or not Petitioner seen him or heard his lawful command and neither had Petitioner acknowledged him one way or another as he continued running via a woods? Alternatively and/or, was Petitioner denied due process and a fair trial when both the trial court had failed to instruct the jury of the element as to the lawfulness of the police officer's actions and where the prosecution had further failed to prove each and every element beyond a reasonable doubt in order to find Petitioner guilty of the R&O offense?
>
> IV. Was Petitioner denied due process where the prosecution failed to provide timely discovery of DNA and fingerprints of the table knife and a cap and further when Deputy Thompson blatantly refused to have items tested for DNA reasoning that unnecessary because Bartman had already identified the Petitioner in a photo wearing [the] cap?
>
> V. Was Petitioner denied his Sixth Amendment right to the assistance of counsel present when Deputy Zach Smith was instructed to take Petitioner to the complainants' home for identifying him which apparently was done by strong suggestion and without an attorney present for advice in accordance with three particular cases of the United States Supreme Court decided in 1967?

(Pet., ECF No.1, PageID.5-6.)

## II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Although it appears Petitioner has exhausted his first four habeas issues, Petitioner acknowledges that he has not exhausted his fifth issue.  (Pet., ECF No. 1, PageID.5) ("Petitioner had exhausted his available state remedies . . . albeit his fifth auxiliary claim he had just presented to the Baraga County Circuit Probate Court for adjudication.").[1]

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his fifth issue in the state courts. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  Mich. Ct. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Clinton County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to

---

[1] Petitioner raised his fifth issue by way of a state habeas corpus petition filed in the Baraga County Circuit Court, Kenny v. Washington, Case No. 17-6769-AH. (Pet., ECF No. 1, PageID.3.)  The court denied relief by order entered August 25, 2017.  (*Id*.)  Petitioner did not appeal that decision because he recognized that he could not use a state habeas corpus petition as a substitute for a direct appeal. (*Id*.)

4

have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to

5

the Michigan Court of Appeals and the Michigan Supreme Court.[2] The Michigan Supreme Court denied his application on October 29, 2019. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 27, 2020. Accordingly, absent tolling, Petitioner would have one year, until January 27, 2021, in which to file his habeas petition. Petitioner filed the instant petition on May 1, 2020, almost nine months before expiration of the limitations period.

   The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, both before he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276

---

[2] There was a significant delay in the pursuit of Petitioner's direct appeal as of right; but, the delay was not the fault of Petitioner. (Pet., ECF No. 1, PageID.3-4.)

F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period. Petitioner is reminded that he must submit any new petition on the form petition provided by this Court. *See* Rule 2(d), Rules Governing § 2254 Cases; W.D. Mich. LCivR 5.6(a).

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the

7

district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, because Petitioner admits he has failed to exhaust his state court remedies, I conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:   June 3, 2020                          /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               CHIEF UNITED STATES DISTRICT JUDGE